0425855-S1
AO 93 (Rev. 12/09) Search and Seizure Warrant

# UNITED STATES DISTRICT COURT

for the
District of Maryland

In the Matter of the Search of
*(Briefly describe the property to be searched or identify the person by name and address)*
5404 Northwood Avenue, Baltimore MD

Case No. 12-2287SAG

## SEARCH AND SEIZURE WARRANT

To: Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the ________ District of Maryland
*(identify the person or describe the property to be searched and give its location)*:
5404 Northwood Avenue, Baltimore MD: a two story red brick attached row home with white front door and the numbers "5404" in black, attached above the door. A porch light is attached to the left of the front door.

The person or property to be searched, described above, is believed to conceal *(identify the person or describe the property to be seized)*:
See Attachment A

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property.

**YOU ARE COMMANDED** to execute this warrant on or before May 17, 2012 *(not to exceed 14 days)*

☐ in the daytime 6:00 a.m. to 10 p.m.    ☑ at any time in the day or night as I find reasonable cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to United States Magistrate Judge Stephanie A. Gallagher.
*(name)*

☐ I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)* ☐ for ______ days *(not to exceed 30)*.
☐ until, the facts justifying, the later specific date of ________.

Date and time issued: May 3, 2012 8:55pm

*Judge's signature*

City and state: Baltimore, Maryland

Stephanie Gallagher, United States Magistrate Judge
*Printed name and title*

12-2287 SAG

## ATTACHMENT A

### Items to be Seized

The Subject Locations shall be searched for:

1. Controlled substances, as well as paraphernalia used in the manufacture, preparation, packaging, or weighing of illegal narcotics in preparation for distribution;

2. Books, records, computers, personal digital assistants, cell phones, flash media, which may reflect names, addresses and/or telephone numbers of their associates with drug trafficking organizations;

3. Photographs;

4. Records of financial transactions, including bank deposit slips, bank accounts, check ledgers and bank cards;

5. All books, records, bank statements, canceled checks, deposit tickets, financial statements, correspondence and other pertinent documents furnished by or on behalf of the listed individuals indicating the individuals might have a financial interest;

6. Documents related to use of professional or private money transmitters that reflect the transfer of money on behalf or to a known member of the organization or a listed individual;

7. Documents that refer or relate in any way to financial institutions, investment or bank accounts, and credit/debit card accounts;

8. Documents that refer or relate in any way to assets such as but not limited to vehicles, real estate, precious metals, etc purchased by or on behalf of the listed individuals;

9. Records of shipments of controlled substances; and

10. Currency or currency equivalents.

11. Paraphernalia for packaging and distribution of controlled substances, including scales, plastic bags, vials, cutting agent (such as Mannitol and Quinine), and kilogram wrappers.


8AB

AO 106 (Rev. 04/10) Application for a Search Warrant

# UNITED STATES DISTRICT COURT

for the

District of Maryland

In the Matter of the Search of
*(Briefly describe the property to be searched or identify the person by name and address)*
5404 Northwood Avenue, Baltimore MD

Case No. 12-2287SAG

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:
5404 Northwood Avenue, Baltimore MD: a two story red brick attached row home with white front door and the numbers "5404" in black, attached above the door. A porch light is attached to the left of the front door.

located in the ______________ District of ______Maryland______, there is now concealed *(identify the person or describe the property to be seized)*:
See Attachment A

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

- ☑ evidence of a crime;
- ☑ contraband, fruits of crime, or other items illegally possessed;
- ☐ property designed for use, intended for use, or used in committing a crime;
- ☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| *Code Section* | *Offense Description* |
|---|---|
| 21 U.S.C. Sec. 846 | Conspiracy to Distribute Controlled Substances |

The application is based on these facts:

- ☑ Continued on the attached sheet.
- ☐ Delayed notice of _____ days (give exact ending date if more than 30 days: __________ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

[signature]
*Applicant's signature*

TFO Brian Shutt, DEA
*Printed name and title*

Sworn to before me and signed in my presence.

Date: May 3, 2012

[signature]
*Judge's signature*

City and state: Baltimore, Maryland

Stephanie A. Gallagher, United States Magistrate Judge
*Printed name and title*

AO 93 (Rev. 12/09) Search and Seizure Warrant

# UNITED STATES DISTRICT COURT

for the
District of Maryland

In the Matter of the Search of
*(Briefly describe the property to be searched or identify the person by name and address)*

Woodland Motors
4641 Reisterstown Road, Baltimore MD 21215

Case No. 12-2290 SAG

## SEARCH AND SEIZURE WARRANT

To: Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search of the following person or property located in the ____________ District of Maryland
*(identify the person or describe the property to be searched and give its location)*:
Woodland Motors; 4641 Reisterstown Road, Baltimore MD 21215: a single story detached business with a glass front door and a black metal fence around the property. A large sign, above door: "Woodland Motors 410.466.4033"

The person or property to be searched, described above, is believed to conceal *(identify the person or describe the property to be seized)*:
See Attachment A

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property.

**YOU ARE COMMANDED** to execute this warrant on or before May 17, 2012 *(not to exceed 14 days)*

☑ in the daytime 6:00 a.m. to 10 p.m. ☐ at any time in the day or night as I find reasonable cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to United States Magistrate Judge Stephanie A. Gallagher.
*(name)*

☐ I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)* ☐ for ________ days *(not to exceed 30)*.
☐ until, the facts justifying, the later specific date of ____________.

Date and time issued: May 3, 2012 8:58 pm

*Judge's signature*

City and state: Baltimore, Maryland

Stephanie Gallagher, United States Magistrate Judge
*Printed name and title*

# ATTACHMENT A

**Items to be Seized**

The Subject Locations shall be searched for:

1. Controlled substances, as well as paraphernalia used in the manufacture, preparation, packaging, or weighing of illegal narcotics in preparation for distribution;

2. Books, records, computers, personal digital assistants, cell phones, flash media, which may reflect names, addresses and/or telephone numbers of their associates with drug trafficking organizations;

3. Photographs;

4. Records of financial transactions, including bank deposit slips, bank accounts, check ledgers and bank cards;

5. All books, records, bank statements, canceled checks, deposit tickets, financial statements, correspondence and other pertinent documents furnished by or on behalf of the listed individuals indicating the individuals might have a financial interest;

6. Documents related to use of professional or private money transmitters that reflect the transfer of money on behalf or to a known member of the organization or a listed individual;

7. Documents that refer or relate in any way to financial institutions, investment or bank accounts, and credit/debit card accounts;

8. Documents that refer or relate in any way to assets such as but not limited to vehicles, real estate, precious metals, etc purchased by or on behalf of the listed individuals;

9. Records of shipments of controlled substances; and

10. Currency or currency equivalents.

11. Paraphernalia for packaging and distribution of controlled substances, including scales, plastic bags, vials, cutting agent (such as Mannitol and Quinine), and kilogram wrappers.

# UNITED STATES DISTRICT COURT

for the

District of Maryland

In the Matter of the Search of
*(Briefly describe the property to be searched or identify the person by name and address)*
Woodland Motors
4641 Reisterstown Road, Baltimore MD 21215

Case No. 12-2290SAG

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:
Woodland Motors; 4641 Reisterstown Road, Baltimore MD 21215: a single story detached business with a glass front door and a black metal fence around the property. A large sign, above door: "Woodland Motors 410.466.4033"

located in the ______________ District of ______Maryland______, there is now concealed *(identify the person or describe the property to be seized)*:
See Attachment A

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

- ☑ evidence of a crime;
- ☑ contraband, fruits of crime, or other items illegally possessed;
- ☐ property designed for use, intended for use, or used in committing a crime;
- ☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| *Code Section* | *Offense Description* |
|---|---|
| 21 U.S.C. Sec. 846 | Conspiracy to Distribute Controlled Substances |

The application is based on these facts:

☑ Continued on the attached sheet.

☐ Delayed notice of _____ days (give exact ending date if more than 30 days: __________ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

[signature]
*Applicant's signature*

TFO Brian Shutt, DEA
*Printed name and title*

Sworn to before me and signed in my presence.

Date: May 3, 2012

[signature]
*Judge's signature*

City and state: Baltimore, Maryland

Stephanie A. Gallagher, United States Magistrate Judge
*Printed name and title*

12-2286 SAG – 12-2288 SAG and 12-2290 SAG

# AFFIDAVIT IN SUPPORT OF A SEARCH AND SEIZURE WARRANT

## I. AFFIANT AND EXPERTISE

1. Task Force Officer Brian Shutt, after being duly sworn, states as follows: I am an investigative or law enforcement officer of the United States within the meaning of Section 2510(7) of Title 18, United States Code, that is, an officer of the United States who is empowered by law to conduct investigations of and to make arrests for offenses enumerated in Section 2516 of Title 18.

2. I have been a sworn police officer with the Baltimore City Police Department since June 20, 2002 and am currently assigned to the Violent Crime Impact Division, HIDTA Task Force. Prior to my employment with the Baltimore City Police Department, I was a sworn Deputy Sheriff with the Cecil County Sheriff's Office from June 1999. While employed as a law enforcement officer, I have held positions within the Patrol Division, and the Criminal Investigative Division. I have completed two separated six-month basic Police Academies that included classes pertaining to Controlled Dangerous Substances (CDS). I have also attended more than ten advanced investigative courses. Prior assignments with the Baltimore City Police include uniform patrol division in the Eastern District, and also the Eastern District Drug Unit. I have personally conducted and participated in numerous investigations involving criminal activity including but not limited to controlled substances, violent crime, and firearms violations. I have participated in the arrest of over 800 persons for narcotics, violent crime, and/or firearms violations and have authored and/or executed more than 300 Search and Seizure Warrants relating to narcotics, violent crime, and/or firearms violations. During my time in law enforcement, I have learned the following:

a. Persons involved in the illegal distribution of CDS keep and maintain records of their various activities. Experience in similar cases has established that such

records are regularly concealed in a suspect's automobile, residence, office, and on his person, and that they take various forms. Documents commonly concealed by traffickers, include but are not limited to notes in code, deposit slips, wired money transactions, savings pass books, hidden bank accounts, photographs of co-conspirators, various forms of commercial paper, personal address books, notebooks, records, receipts, ledgers, travel receipts (rental receipts, airline tickets, bus tickets, and/or train tickets) both commercial and private, money orders and other papers relating to the ordering, transportation, sale and distribution of controlled dangerous substances or other such documents which will contain identifying data on the co-conspirators. The aforementioned items are kept in locations that are considered safe by the drug traffickers such as safety deposit boxes, residences, vehicles and on their person, where they have ready access to them. I know that drug traffickers often have several residences decreasing the likelihood of detection by law enforcement.

b. Persons involved in the illicit distribution of CDS, due to advancement in technology, may be utilizing computers or other electronic storage media to store the records listed above.

c. I also know, based on training and experience, that large scale drug traffickers must maintain on hand large amounts of United States currency in order to maintain and to finance their ongoing narcotics business. Based on training and experience I know that persons involved in large scale drug trafficking conceal in their residences currency, financial instruments, and evidence of financial transactions relating to narcotics trafficking activities.

d. Persons involved ; the illicit distribution of CDS utilize cellular telephones, pagers and other electr..ic communications devices to facilitate illegal drug transactions. The electronically stored information on these devices is of evidentiary value in identifying other members of the drug trafficking conspiracy and establishing the relationship between these individuals.

e. Persons involved in the illicit distribution of CDS take or cause to be taken photographs of themselves, their associates, their property and their product. These traffickers usually maintain these photographs in their possession, in locations such as their homes, vehicles, electronic devices, or on their person.

g. I know, based on training and experience, that drug traffickers commonly have in their possession, that is, on their person, in their residences and/or businesses, firearms and other weapons. Said firearms and weapons are used by the traffickers to protect and secure their large amounts of narcotics and United States currency from loss to law enforcement agents or other members of the criminal element that are motivated by greed.

## II. LOCATIONS TO BE SEARCHED

3. This Affidavit is filed in support of an Application for a Search and Seizure Warrant for the SUBJECT LOCATIONS, which are presently located in the District of Maryland. These locations relate to an investigation being conducted jointly by the Drug Enforcement Administration ("DEA") and Baltimore Police Department ("BPD"). The investigation has targeted the narcotics distribution organization headed by Joseph OSIOMWAN and includes Larry BROWN, a/k/a "Fat Dinky." OSIOMWAN, a Nigerian, is believed to obtain quantities of heroin smuggled into the United States from West Africa and distributes the heroin with the assistance of BROWN to wholesale customers.

4. Because this Affidavit is being submitted for the limited purpose of establishing probable cause for a search warrant, I have not included every detail of every aspect of the investigation. Rather, I have set forth only those facts that I believe are necessary to establish probable cause. I have not, however, excluded any information known to me that would defeat a determination of probable cause. The information contained in this Affidavit is based upon my personal knowledge, my review of documents and other evidence, and my conversations with other law enforcement officers and other individuals. All conversations and statements described in this Affidavit are related in substance and in part unless otherwise indicated. Summaries and descriptions, including quotations, of recorded conversations are based on my review of audio recordings and draft transcripts thereof. I have also included in brackets my interpretations of various terms, based upon my training and experience.

5. This affidavit is submitted in support of an application to search the following locations and vehicles (collectively, the "SUBJECT LOCATIONS"):

a. 5404 Northwood Avenue, Baltimore MD ("5404 Northwood"). The residence is described as a two story red brick attached row home with white front door and the numbers "5404"

**in black, attached above the door. A porch light is attached to the left of the front door.**

**6. A check through Maryland Assessment and Taxation ("MdA&T) revealed that the current owner of this location is Denise Tisdale with an address of 5637 Daybreak Terrace, Baltimore Maryland 21206. Records also revealed that Joseph OSIOMWAN (OSIOMWAN) sold this residence to Tisdale on May 3, 2010.**

**7. DEA arrest records revealed that on June 6, 2011 Emmanuel OLADEJNDE was arrested by the Maryland State Police (MSP) during a traffic stop. During the stop, one kilogram of heroin was in OLADEJNDE's possession. OLADEJNDE provided the address of 5404 Northwood Avenue, Baltimore Maryland 21239 as his residence. OLADEJNDE provided his place of birth as Lagos, Nigeria.**

**8. On May 2, 2012, law enforcement observed OSIOMWAN and Larry BROWN, a/k/a "Fat Dinky," (BROWN) to travel to 5404 Northwood Avenue in OSIOMWAN's silver Honda Accord with Maryland Dealer Tag 2A09226, registered to Woodland Motors. When the two arrived, OSIOMWAN exited the vehicle and utilizing a key to enter 5404 Northwood Avenue.**

**9. On May 3, 2012, law enforcement observed OSIOMWAN and BROWN enter OSIOMWAN's Honda Accord at Woodland Motors and travel directly to 5404 Northwood, and again OSIOMWAN exited the vehicle and entered 5404 Northwood.**

**b. Woodland Motors, 4641 Reisterstown Road, Baltimore MD 21215 ("Woodland Motors"). This location is described as a single story detached business with a glass front door and a black metal fence around the property. Above the door, attached to the roof, is a large sign "Woodland Motors 410.466.4033" in black and red letters. A large white sign with blue trim, which reads "Woodland Motors 410.466.4033," stands toward the entrance.**

10. MdA&T records revealed that Woodland Motors is a LLC in the name Deirdre OSIOWMAN and Joseph OSIOWMAN.

11. Since February of 2012, law enforcement utilized a pole camera to view Woodland Motors. On a nearly every business day during business hours, OSIOWMAN and BROWN are observed at the location.

12. On March 4, 2012, BROWN spoke to William CHRISTIAN. During the call, BROWN explained to CHRISTIAN, "Old boy, Joe [OSIOMWAN] was mad at Fran [CARTWRIGHT] about something yesterday boy." CHRISTIAN replied, "Yeah." BROWN stated, "Yeah, something she was doing on the lot [Woodland Motors] and he saw it, you know, and after he was mad, she didn't give a fuck, still did it." CHRISTIAN replied, "Yeah." BROWN continued, "But he, she got to understand that, you know what I mean, he kinda scared, you know."

13. I believe, based · pon my training and experience, that BROWN described to CHRISTIAN how Cartwright was selling drugs at Woodland Motors in the open when OSIOMWAN observed her. BROWN continued to explain that CARTWRIGHT needed to understand that OSIOMWAN was "scared," and that OSIOMWAN was being cautious about the trafficking of heroin at his business.

> c. **539 Alter Avenue, Baltimore MD 21208 ("Alter Avenue").** This location is described as a one-story single family residence with red brick and yellow siding. The residence has a white storm door and white front door. The numbers "539" appear above the front door.

14. On April 2, 2012 at approximately 7:30 p.m., I observed BROWN drive directly to the area of 539 Alter Avenue, Baltimore Maryland 21208. At this time, I conducted surveillance at Alter Avenue and observed BROWN parking his white Honda Accord directly in front of the residence.

15. A check through Maryland Vehicle Administration (MVA) revealed that BROWN utilized 539 Alter Avenue, Baltimore Maryland 21208 as his residence. MdA&T records revealed that BROWN is the owner of Alter Avenue.

16. Electronic surveillance of BROWN authorized by the Honorable James K. Bredar revealed that BROWN is at this residence during most overnight periods.

> d. **15934 Old York Road, Monkton MD 21111 ("Old York Road").** This location is described as a two-story single family residence with tan siding and a metal roof; a driveway to left of residence that goes around to the rear of the residence; a black mailbox at the front of the driveway with the numbers "15934" affixed. A light brown front door, which faces the road, appears to be on the second floor.

17. On April 2, 2012 beginning at approximately 5:15 p.m., myself, along with members of the Technical Support Unit from the Baltimore County Police Department, observed OSIOMWAN at Woodland Motors. At approximately 7:00 p.m., surveillance members followed OSIOMWAN from this location to his residence at 15934 Old York Road, Monkton, MD 21111.

18. MVA records revealed that Deidre OSIOMWAN has had three vehicles registered to Old York Road in the past. Presently, Deidre OSIOMWAN has a 2003 Honda Civic registered to her at that address.

19. Electronic surveillance of OSIOMWAN authorized by the Honorable James K. Bredar revealed that OSIOMWAN is at this residence during most overnight periods.

## III. PROBABLE CAUSE

20. In February of 2011, the DEA commenced a wiretap investigation of the OSIOMWAN DTO. The DEA began intercepting the telephone conversations of William

CHRISITIAN (CHRISTIAN)[1] and Calvin STOKES (STOKES) over their cellular telephones. Based upon conversations intercepted over CHRISTIAN's phone, law enforcement identified CHRISTIAN as a wholesale supplier of heroin, and that one of his sources of supply is BROWN. Law enforcement then began the interception of BROWN's cellular phone. Based upon intercepted conversations over BROWN's phone, law enforcement determined that BROWN's source of supply is OSIOMWAN. Law enforcement then obtained state court authorization to intercept OSIOMWAN's phone.

21. On March 18, 2012 at approximately 1:44 p.m., BROWN made an outgoing call to cellular telephone number (443) 224-5706, subscribed to BILL BLASS, PO BOX 54988 IRVINE, CA 92619, being used by Roger WILLOUGHBY. BROWN asked, "How you doing my friend?" WILLOUGHBY replied, "What, you gave up on me?" BROWN replied, "Nah, I thought maybe you went somewhere." WILLOUGHBY answered, "Nah, I told you I'm trying to get through what I was doing[finishing selling previously obtained heroin]." BROWN stated, "Ok yeah. Well I understand. What are you up to?" A casual conversation continued until BROWN asked, "When are you coming out, tomorrow?" WILLOUGHBY stated, "Yeah. Why you got some good news [do you have heroin]?" BROWN stated, "Always." WILLOUGHBY responded, "Alright, I'll come talk to you tomorrow."

22. I believe through my training and experience that during this call BROWN was asking WILLOUGHBY why he had not purchased more heroin from him [BROWN]. WILLOUGHBY responded, "Nah, I told you I'm trying to get through what I was doing." I believe WILLOUGHBY was telling BROWN that he still had heroin and that he was trying to sell before he met with BROWN to purchase more heroin. I believe that when WILLOUGHBY

[1] On April 27, 2012, as part of this investigation, CHRISTIAN was arrested during the sale of approximately 10 grams of heroin. CHRISTIAN was charged in the state system with possession with the intent to distribute heroin.

asked, "Yeah. Why you got some good news?" and BROWN responded, "Always" that WILLOUGHBY was asking BROWN if he had obtained a new supply of heroin and BROWN was letting WILLOUGHBY know that he had.

23. On March 19, 2012 at approximately 11:50 a.m., BROWN received and incoming call from WILLOUGHBY. During the call WILLOUGHBY stated, "Hey, I'll be there in about two minutes." BROWN answered, "Ok, alright."

24. On March 19, 2012 at approximately 12:00 p.m., surveillance was established at Woodland Motors, located at 4641 Reisterstown Road, Baltimore, MD 21215. At approximately 12:00 p.m., WILLOUGHBY was observed arriving at the location driving a tan Lexus bearing Maryland registration 8EZ M96. The agents also saw WILLOUGHBY meet with BROWN. During the meeting between WILLOUGHBY and BROWN, BROWN was observed walking away using his cellular telephone. At 12:09 p.m., BROWN made an outgoing call to OSIOMWAN. Duri g the call BROWN asked "What time you going to be free?" OSIOMWAN responded, "I'm free now." BROWN responded, "Ok, I see you, yeah."

25. After the conversation, surveillance agents observed BROWN and WILLOUGHBY immediately enter the front door to Woodland Motors. After approximately two minutes, WILLOUGHBY was observed exiting the business and meeting with an unknown male. After a period of time, BROWN was observed exiting the business and WILLOUGHBY, BROWN, and several other individuals were observed meeting outside the business. At approximately 12:51 p.m., WILLOUGHBY was observed leaving the location is his vehicle.

26. I believe through my training, and experience that the above described calls detailed WILLOUGHBY meeting with BROWN to obtain an amount of heroin. Once WILLOUGHBY met with BROWN at Woodland Motors, BROWN immediately contacted his

source of supply, OSIOMWAN, over his cellular telephone number 443-813-8898. BROWN learned that OSIOMWAN was already inside the business and took WILLOUGHBY inside the business to obtain the heroin. WILLOUGHBY was observed leaving the location after the transaction and conducting counter surveillance techniques to avoid law enforcement as he drove from the area.

27. On May 1, 2012 at approximately 8:44 p.m., BROWN called WILLOUGHBY. During this call WILLOUGBY was utilizing coded language to inquire if BROWN had obtained any heroin. BROWN replied in coded language that he had and told WILLIOUGBY to come and meet with him in the morning (May 2, 2012).

28. On May 2, 2012 at approximately 10:44 a.m., BROWN received a call from WILLIOUGBY and asked if he was coming to meet BROWN. WILLOUGBY stated that he had, and that he had just "woke up."

29. On May 2, 2012 at approximately 11:20 a.m., investigators monitoring the surveillance camera at Woodland Motors observed a silver Volvo station wagon arrive at Woodland Motors, and park. Investigators observed WILLIOUGBY exit the vehicle.

30. On May 2, 2012 at approximately 11:23 a.m., BROWN received an incoming call from WILLOUGHBY. Upon answering the call, WILLOUGBY told BROWN to come outside.

31. Investigators observed BROWN and WILLOUGBY meet outside Woodland Motors next to WILLOUGHBY and BROWN's vehicles. During the surveillance, BROWN was observed directing WILLOUGBY to the passenger side of his black Mercedes. Surveillance observed WILLOUGBY reach into the passenger side of the vehicle. After a brief period, WILLOUGBY exited the passenger side of the vehicle, made contact with BROWN, and then entered his vehicle and left the area in his silver Volvo. At this time, surveillance units began

following WILLOUGHBY from the location. WILLOUGBY traveled to the area of the unit block of Ginger View Court, Cockeysville, Maryland, where he was observed parking his vehicle.

32. Based on the belief that WILLOUGHBY obtained heroin from BROWN, WILLOUGHBY was arrested. During a search incident to his arrest, law enforcement recovered a folded piece of card board containing an amount of a brown powder substance believed to be heroin. WILLOUGHBY provided positive identification and was released pending chemical analysis. I also know, based upon my training and experience, that wholesale suppliers of heroin often provide a sample of heroin to their wholesale customers. The customer then tests the substance and determines whether the quality is sufficient to purchase a larger amount. I believe in this circumstance, the small amount of heroin in WILLOUGHBY's possession was a "sample" of the heroin OSIOMWAN and BROWN have available.

33. On May 2, 2012 at approximately 7:30 p.m., investigators utilized court authorized location technology and learned that OSIOMWAN was in the 5400 block of Northwood Avenue. Investigators also learned that OSIOMWAN had traveled to an area around Philadelphia, Pennsylvania prior to arriving to this area. Upon arriving at the location, investigators observed OSIOMWAN's silver Honda Accord bearing Maryland registration 2A09226, parked in the block. After a brief period, investigators observed OSIOMWAN exit the residence of 5404 Northwood Avenue. OSIOMWAN then entered his Honda Accord and left the area.

34. On May 2, 2012 at approximately 7:40 p.m., BROWN received a call from OSIOMWAN. During this call OSIOMWAN stated that he was traveling to BROWN's residence to meet him.

35. On May 2, 2012 at approximately 7:58 p.m., BROWN made a call to OSIOMWAN and told him that he would be walking around the block. Location technology revealed that OSIOMWAN was in the area of BROWN's residence of 539 Alter Avenue, BROWN's residence. Location technology also revealed that BROWN was also in the area of 539 Alter Avenue, Baltimore, Maryland.

36. On May 2, 2012 at approximately 9:00 p.m., OSIOMWAN's vehicle returned to 5404 Northwood Avenue, Baltimore. OSIOWMAN was observed entering the location and BROWN was observed seated inside the vehicle. After a brief period, OSIOMWAN exited the location and entered the vehicle. Surveillance was unable to keep OSIOMWAN's vehicle in view.

37. On May 2, 2012 at approximately 9:50 p.m., surveillance units were able to locate OSIOMWAN's vehicle, and observed BROWN in the front passenger seat. At this time, surveillanc units followed the vehicle to the parking lot of Reisterstown Plaza located at 6776 Reisterstown Road, Baltimore MD 21215. Surveillance units followed the vehicle and observed it park near the Applebee's parking lot. Surveillance units observed OSIOMWAN exit the vehicle and make contact with several unknown black males who exited a white Lincoln bearing New York registration FPT6753. Investigators learned that the vehicle was a rental vehicle. After a brief period, OSIOWMAN and BROWN left the area in OSIOMWAN's vehicle. Investigators followed the vehicle with New York registration to a carry-out on Reisterstown Road. After a brief period, investigators followed the vehicle to Interstate U.S. 95, and observed it to travel south. Surveillance units followed this vehicle to the exit for Route 100 where surveillance was terminated. I believe through my training, and experience that OSIOMWAN had met these individuals at this parking lot to provide them with an amount of heroin.

38. On May 3, 2012 at approximately 1:37 p.m., BROWN received a call from an unknown male (UM 7490) utilizing telephone number (443) 813-7490. During this call UM 7490 told BROWN that he would be at a predetermined location. During the call, BROWN stated "Alright, remember what I said right?" UM 7490 stated that he did. I believe that this unknown male was traveling to meet with BROWN to obtain an amount of heroin.

39. On May 3, 2012 at approximately 2:00 p.m., surveillance units observed OSIOWMAN and BROWN enter OSIOMWAN's silver Honda Accord at Woodland Motors. Surveillance units followed BROWN, and OSIOMWAN directly to 5404 Northwood Avenue. OSIOMWAN exited the vehicle, and BROWN stayed inside the vehicle. Investigators observed OSIOMWAN to utilize a key to enter 5404 Northwood Avenue. After a brief period, surveillance units observed OSIOMWAN exit the location and enter the vehicle. Surveillance units then lost sight of OSIOMWAN's vehicle.

40. On May 3, 2012 at approximately 2:15 p.m., BROWN received a call from UM 7490. UM 7490 advised BROWN that he was unable to locate the Giant, but observed a Rite Aid near the Rotunda, where BROWN had directed him. I learned that this location was in the 700 block of West 40th Street. Upon arriving at this location, investigators observed BROWN walking back to OSIOWMAN's vehicle, which was parked in a business parking lot. At this time, I believe BROWN had already conducted the heroin transaction with the UM 7490

## IV. CONCLUSION

41. Based on the information set forth in this affidavit, I believe that sufficient probable cause exists to believe that in the SUBJECT LOCATIONS, there is evidence of a conspiracy to possess with intent to distribute controlled substances, to wit heroin, in violation of 21 U.S.C. § 846. Based upon my training and experience, I believe that BROWN and

OSIOMWAN obtained a new supply of heroin, likely in Philadelphia. The bulk of that heroin is stored at 5404 Northwood Avenue. Prior to each transaction, BROWN and OSIOMWAN travel to 5404 Northwood to obtain the quantity heroin necessary for each transaction and then travel to meet the respective customers, including WILLOUGHBY, UM 7490, and the individuals with New York plates.

**A. Cellphones**

42. In addition, due to the prevalence of cellular telephones in this investigation and my training and experience, which indicates that narcotics traffickers utilize cellular telephones, communication devices, and other electronic media storage devices as described in ¶¶ 2(b), (d), and (e), I seek permission to search any cellular telephone seized while searching the SUBJECT LOCATIONS for recent calls, contacts, address books, text messages, voicemail messages, email, photographs and other forms of communication. I know in my experience that this information is often only temporarily stored in cellular telephones, and that there exist technologies whereby a remote user can delete information sought by law enforcement from a cellular telephone. These communication devices will be searched according to the protocol on Attachment B

**B. Nighttime Execution:**

43. Because these warrants are being executed for offense related to Title 21 of the United States Code, involving narcotics trafficking, and because the nature of this investigation is on-going, and that none of the targets of this investigation have been arrested, I request permission, pursuant to 21 U.S.C. § 879, to execute the warrants at anytime to protect the integrity of the investigation, prevent the destruction of evidence and to ensure the safety of the agents executing the warrants.

44. WHEREFORE, in consideration of the facts presented, I respectfully request that this Court issue a search warrant for the SUBJECT LOCATIONS for the items listed on Attachment A, which constitute fruits, evidence and instrumentalities of violations of 21 U.S.C. § 846, which prohibits the conspiracy to distribute and possess with intent to distribute controlled substances.

TFO Brian Shutt
Drug Enforcement Administration

Sworn to before me this 3rd day of May 2012 at 8:51pm hours.

Stephanie A. Gallagher
United States Magistrate Judge